UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ALBERT HODGES,

Plaintiff,

v.

J. SEIBERT, et al.,

Defendants.

No.  2:20-cv-00896-CKD

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1

I.      **Screening Requirement**

2       The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14       In order to avoid dismissal for failure to state a claim a complaint must contain more than

15  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

19  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

20  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

22  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

23  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

24  construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

25  U.S. 232, 236 (1974).

26      II.     **Allegations in the Complaint**

27       At all times relevant to the allegations in the complaint, plaintiff was an inmate in the

28  Psychiatric Service Unit ("PSU") at California State Prison-Sacramento ("CSP-Sac").  On

2

September 5, 2018, plaintiff reported feeling suicidal to Dr. Costa.  ECF No. 1 at 3.  Plaintiff had an active plan to hang himself.  ECF No. 1 at 3.  Plaintiff was placed in handcuffs and leg irons and transported to a holding cage for suicide watch.  Id.  Defendant J. Seibert was the first officer assigned to plaintiff's suicide watch.  Id.  Plaintiff and defendant Seibert exchanged words, and the next thing that plaintiff remembers is waking up on a ventilator at U.C. Davis Medical Center.  Id.  Plaintiff was informed by medical staff that he had hung himself and lost consciousness.  Id.  As a result of this suicide attempt, plaintiff still experiences memory loss, migraine headaches, and blurred vision.  Id.

Plaintiff alleges that defendant Seibert was deliberately indifferent to his right to personal safety in violation of the Eighth Amendment by not intervening in his suicide attempt.  ECF No. 1 at 3.  Plaintiff names three additional correctional officers at CSP-Sac as defendants in this action, but he does not specify how they were involved in the alleged constitutional violation.

By way of relief, plaintiff seeks compensatory and punitive damages as well as declaratory relief.  ECF No. 1 at 7.

### III.    Legal Standards

The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety.  See Farmer v. Brennan, 511 U.S. 825 (1994).  A claim based on deliberate indifference to health or safety has two elements.  First, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm."  Id. at 834.  Second, the inmate must show he was injured as a result of a defendant's "deliberate indifference" to that risk.  Id.  Under the deliberate indifference standard, plaintiff must demonstrate prison officials knew he faced a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it.  Id. at 847.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

3

### IV.   Analysis

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable Eighth Amendment deliberate indifference claim against defendant Seibert.  However, plaintiff has not stated a claim for relief against defendants Brewer, Monroy, and Bevens because he has not connected them to the asserted constitutional violation.  In order to state a claim, plaintiff must allege with at least some degree of particularity the overt acts which these defendants engaged in.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff may elect to proceed immediately on the Eighth Amendment claim against defendant Seibert or, in the alternative, he may elect to amend his complaint to attempt to cure the deficiencies identified in this order with respect to the remaining defendants.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff chooses to proceed on the Eighth Amendment claim found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss defendants Brewer, Monroy, and Bevens pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4

1   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

2   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

3   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4       **V.     Pending Motions**

5       On July 6, 2020, plaintiff filed a motion for early mediation.  ECF No. 10.  Plaintiff is

6   advised that the undersigned is referring all post-screening civil rights cases filed in prisoner

7   cases to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve

8   such cases more expeditiously and less expensively.  However, before plaintiff's case can be

9   referred to the ADR Project, defendant Seibert must be served and have filed an answer to the

10  complaint.  Plaintiff's case will automatically be referred to the ADR Project once this occurs.  In

11  light of the procedural posture of this case, the court will deny plaintiff's motion for early

12  mediation without prejudice as premature.

13      Plaintiff filed a letter on August 20, 2020 expressing concerns for his safety when he is

14  transferred back to CSP-Sacramento.  ECF No. 12.  The court will construe this letter as a request

15  for a temporary restraining order against defendants named in this action.  In the letter, plaintiff

16  indicates that he has been told by two "inmates that happen to be sent to this facility for mental

17  health treatment" that defendants "are awaiting his return" to CSP-Sac in order to kill plaintiff.

18  ECF No. 12 at 1.  Plaintiff further indicates that these same inmates told him that defendants are

19  going to have other inmates attack him because he filed a lawsuit against them.  Id.   As a result,

20  plaintiff has been experiencing extreme anxiety attacks.  Id. at 2. Plaintiff asks that his brother be

21  contacted if he is killed.  Id.

22      The court has also read and considered the information contained in a notice regarding

23  harassment and corruption that plaintiff filed on May 13, 2020.  ECF No. 8.  In this notice,

24  plaintiff states that he has been harassed by prison officers "for over a year  now."  ECF No. 8 at

25  2. Plaintiff also indicates that he has not been able to obtain a copy of the CDCR suicide attempt

26  report or the detention segregation form placing him on suicide watch.  ECF No. 8 at 3-4.

27      A temporary restraining order is an extraordinary measure of relief that a federal court

28  may impose without notice to the adverse party if, in an affidavit or verified complaint, the

5

movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings."  Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)).  The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims.  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff has not demonstrated that the threat of physical injury to him is more than speculative.  See Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").  A presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130–31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279–80 (9th Cir. 1997).  In this case, plaintiff is not in custody at CSP-Sac and does not identify any date when he will be transferred back to that facility.  Absent such information, the allegations in plaintiff's motion do not rise above the level of a speculative injury.

6

While it is not entirely clear what injunctive relief plaintiff is seeking, an order not to transfer plaintiff back to CSP-Sac is beyond the scope of the case or controversy before this court. See Benyamini v. Manjuano, 2011 WL 4963108, at 1 (E.D. Cal. Oct.18, 2011) ("The Court lacks jurisdiction to issue an order requiring prison officials to transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the Court does not have such a case or controversy before it in this action."). Plaintiff does not allege any acts of retaliation by defendants in his complaint. Moreover, in Meachum v. Fano, 427 U.S. 215 (1976), the United States Supreme Court explicitly held that prisoners do not have a constitutional right to be housed at a particular prison within a state's prison system. See also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.").

For all these reasons, the undersigned recommends denying plaintiff's motion for a temporary restraining order without prejudice.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth Amendment claim against defendant Seibert; or, (2) try to amend the complaint to fix the problems identified in this order with respect to the other defendants. Once you decide, you must complete the attached Notice of Election form by checking **only one** of the appropriate boxes and return it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint). If you do not return this Notice, the court will order service of the complaint only on the claim found cognizable in this screening order and will recommend dismissing the remaining defendants.

7

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign this matter to a district court judge.

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff has the option to proceed immediately on the Eighth Amendment claim against defendant Seibert or plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining defendants.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

6. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

7. Plaintiff's motion for early mediation (ECF No. 10) is denied as premature as no defendant has been served in this matter.

IT IS FURTHER RECOMMENDED that plaintiff's August 20, 2020 letter regarding concerns for his safety (ECF No. 12) be construed as a request for a temporary restraining order and that the request, so construed, be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

/////

/////

/////

8

1  objections shall be served and filed within fourteen days after service of the objections.  The

2  parties are advised that failure to file objections within the specified time may waive the right to

3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  Dated:  August 27, 2020

5  _____
   CAROLYN K. DELANEY
6  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12  12/hodg0896.14+tro.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

JAMES ALBERT HODGES,

     Plaintiff,

v.

J. SEIBERT, et al.,

     Defendants.

No.  2:20-cv-00896-CKD

NOTICE OF ELECTION

17
18
19
20
21
22

**Check only one option:**

_____ Plaintiff wants to proceed immediately on the Eighth Amendment claim against defendant Seibert.  Plaintiff voluntarily dismisses the remaining defendants; or,

_____ Plaintiff wants time to file a first amended complaint.

23
24
25
26
27
28

DATED:

_____
Plaintiff

10