UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT HODGES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SEIBERT, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-00896-JAM-CKD  P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 1, 2021, Plaintiff filed a letter that the Court construed as a motion to modify the discovery and scheduling order. ECF No. 47. In response, the court ordered defendant Seibert to respond to the motion. ECF No. 48. Defendant responded by requesting a settlement conference and requesting that the court defer ruling on plaintiff's request until after the parties have had the opportunity to participate in a settlement conference. By way of reply, plaintiff requested a settlement conference as well. ECF No. 50.

　　　　Based upon the parties briefs, it appears that the posture of this case has changed and that it may benefit from a settlement conference at this time. Therefore, this matter will be stayed pending a settlement conference that will be conducted by remote means, to be determined at a later date and time. The Court will issue the necessary writ to secure plaintiff's participation following the selection of a date for the settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' motions to schedule a settlement conference (ECF Nos. 49, 50) are granted.

2. The pretrial motions deadline included in the court's Discovery and Scheduling Order of April 7, 2021 is hereby vacated.

3. Plaintiff's motion to modify the discovery and scheduling order (ECF No. 47) is denied without prejudice to the filing of a motion to reopen discovery in the event that this case does not settle. All pending deadlines governing this case will be reset as necessary following the completion of the settlement conference.

4. Within 14 days from the date of this order, the assigned Deputy Attorney General shall contact the Courtroom Deputy, Judy Streeter, at (916) 930-4004, to schedule a settlement conference to be conducted by remote means.

5. This action is stayed until the conclusion of the settlement conference to allow the parties an opportunity to settle their dispute. No other pleadings or other documents may be filed in this case during the stay of this action.

6. A representative with authority to negotiate and enter into a binding settlement on Defendant's behalf shall attend. A representative with full and unlimited authority shall be available to join the settlement conference by telephone, if needed.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v.

7. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

8. Once the settlement conference is scheduled, at least seven days prior to conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statement shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case; and (f) any documents which have not already been filed with the court and which may be relevant to resolution of this case. Plaintiff shall mail his non-confidential settlement statement so that it arrives at least seven days prior to the settlement conference. The envelope shall be marked "SETTLEMENT STATEMENT." The date and time of the settlement conference shall be prominently indicated on the settlement statement. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

Dated: October 7, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/hodg0896.ADR(2).docx

---

Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).